**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL FOLEY, )
                Plaintiff, ) Case No. 2:15-cv-02047-JCM-CWH
 )
vs. ) **ORDER AND REPORT AND**
 ) **RECOMMENDATION**
FERNANDO PACCHIEGA, *et al.*, )
                Defendants. )
_____ )

      This matter was referred to this Court on Plaintiff Michael Foley's ("plaintiff") Application for Leave to Proceed In Forma Pauperis (doc. # 1), filed October 23, 2015.

**BACKGROUND**

      Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that he was unlawfully arrested and detained based on an altercation with Defendant Patricia Foley ("Defendant Foley"), who purportedly "frustrated" his "right to associat[e] with his children." Doc. # 1-2 at 6. Plaintiff names various individual defendants who purportedly colluded with Defendant Foley to have plaintiff arrested without probable cause, and to confine plaintiff at the Clark County Detention Center ("CCDC") from October 27, 2013 to November 4, 2013.[1] Plaintiff also complains of the CCDC's purported failure to properly "train" its employees, which resulted in his unlawful arrest and confinement. Id. at 8. Thus, plaintiff seeks damages of "no less than one million dollars," an injunction barring defendants from engaging in further "offensive conduct," and any other relief the Court deems appropriate. Id. at 11.

---

[1] Plaintiff reports that he is no longer incarcerated, and is currently self-employed.

**DISCUSSION**

**1.     Application to Proceed In Forma Pauperis (Doc. # 1)**

Plaintiff has submitted the affidavits required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. As such, plaintiff's request to proceed in forma pauperis is granted.

**2.     Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court additionally screens a complaint pursuant to 28 U.S.C. § 1915(e). Federal courts have authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), a plaintiff is generally given leave to amend, with instructions as to curing the complaint's deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, plaintiff alleges that the information used to obtain the warrant for his arrest was false and fails to establish probable cause, ultimately leading to his conviction and sentence. However, the U.S. Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 484 (1994). In determining whether a § 1983 claim is barred by Heck, a court must decide if finding in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. See Szajer v. City of Los Angeles, 632 F.3d 607, 611 (9th Cir. 2011). To the extent plaintiff's claims arise from his arrest and conviction, this Court finds that plaintiff's claims fall within the scope of Heck and are barred. This Court also finds that plaintiff fails to assert facts or to provide evidence showing that his conviction or sentence has been reversed, expunged, declared invalid, or called into question for § 1983 to be an appropriate means for bringing this action.

Meanwhile, plaintiff attacks the validity of the warrant issued for his arrest. Heck has been applied to Fourth Amendment violations, and bars such claims. See Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.

1 1996) (Heck bars plaintiff's claims that defendants lacked probable cause for his arrest); Haack v. City of
2 Carson City, No. 3:11-CV-00353-RAM, 2012 WL 3962453, at *6 (D. Nev. Sep. 10, 2012) (Fourth
3 Amendment claim for arrest without probable cause barred by Heck); Finley v. Fisher, No. 14-CV-00913-
4 HSG, 2015 WL 3466394, at *3 (N.D. Cal. Jun. 1, 2015) (section 1983 claim that defendants lacked
5 probable cause for arrest must be dismissed under Heck). In light of this authority, the Court finds that
6 plaintiff's claim challenging the validity of the arrest warrant is barred by Heck because it effectively
7 challenges the evidence used to justify the criminal charges against plaintiff, along with his arrest and
8 conviction. A contrary finding, moreover, would necessarily imply the invalidity of plaintiff's conviction
9 and sentence. Unless and until plaintiff's conviction or sentence is reversed, expunged, declared invalid,
10 or called into question by a writ of habeas corpus, plaintiff's § 1983 action fails and must be dismissed
11 under Heck.[2] The Court will grant plaintiff an opportunity to amend the complaint to the extent he can
12 state a claim not barred by Heck.

### CONCLUSION, ORDER, AND RECOMMENDATION

14 Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Application for Leave to Proceed In
15 Forma Pauperis (doc. # 1) is **granted**. This order granting in forma pauperis status shall not extend to the
16 issuance of subpoenas at government expense.

17 **IT IS FURTHER ORDERED** that the Clerk of Court shall **file** plaintiff's complaint (doc. # 1-2)
18 on the record.

19 **IT IS FURTHER RECOMMENDED** that plaintiff's complaint be **dismissed without prejudice,**
20 **with leave to amend**.

21 **IT IS FURTHER RECOMMENDED** that plaintiff shall have **thirty days (30)** to file an amended
22 complaint to the extent plaintiff can assert facts that address the defects of the complaint. Failure to file
23 a timely amended complaint will result in a recommendation that this case be dismissed.

24 //
25 //

---

27 [1] Because the Court finds that plaintiff's complaint must be dismissed at this juncture, the Court will not address
28 plaintiff's argument regarding the CCDC's purported failure to properly "train" its employees, which is an issue that flows from plaintiff's Heck-barred claim.

**IT IS FURTHER RECOMMENDED** that if plaintiff chooses to file an amended complaint, the amended complaint shall be complete in and of itself without reference to the previous complaint, as required by Civil Local Rule 15-1. Plaintiff shall also title the amended complaint with the words, "FIRST AMENDED COMPLAINT," on page one in the caption.

DATED: April 18, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**