UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL FOLEY,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>FERNANDO PACCHIEGA, et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:15-CV-2047 JCM (CWH)<br><br>ORDER |

Presently before the court is Magistrate Judge Hoffman's report and recommendation ("R&R"). (ECF No. 2). *Pro se* plaintiff Michael Foley filed an objection to the R&R. (ECF No. 4). No reply has been filed and the time to do so has passed.[1]

**I.　Facts**

Plaintiff initiated this matter by filing an application for leave to proceed *in forma pauperis*, attaching his civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's complaint alleges that the information used to obtain the warrant for his arrest—and ultimately leading to his conviction and sentence—was false and failed to establish probable cause. (ECF No. 1-2).

On April 18, 2016, Magistrate Judge Hoffman granted plaintiff's request to proceed *in forma pauperis* and screened plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). (ECF No. 2). Based on his findings, Magistrate Judge Hoffman made three recommendations: (1) that plaintiff's complaint be dismissed without prejudice, with leave to amend; (2) that plaintiff shall have thirty

---

[1] Plaintiff, proceeding *in forma pauperis*, has not filed a complaint suitable for screening pursuant to 28 U.S.C. § 1915(a)(1). The defendants have therefore not been served and do not have notice of this lawsuit.

**James C. Mahan**
**U.S. District Judge**

1  (30) days to file an amended complaint to the extent plaintiff can assert facts that address the
2  defects of the complaint; and (3) that if plaintiff chooses to file an amended complaint, the
3  amended complaint shall be titled "FIRST AMENDED COMPLAINT" and shall be complete in
4  and of itself without reference to the previous complaint, as required by Local Rule 15-1. (ECF
5  No. 2 at 3–4).

6  In response to the R&R, plaintiff filed the same complaint originally attached to his
7  application for leave to proceed *in forma pauperis* (ECF No. 1-2). (ECF No. 3). Subsequently,
8  plaintiff filed an objection to the R&R. (ECF No. 4).

9  **II.   Legal Standard**

10  A party may file specific written objections to the findings and recommendations of a
11  United States magistrate judge made pursuant to Local Rule IB 1-4.  28 U.S.C. § 636(b)(1)(B);
12  LR IB 3-2.  Where a party timely objects to a magistrate judge's report and recommendation, the
13  court is required to "make a de novo determination of those portions of the [report and
14  recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).  The court "may accept,
15  reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."
16  *Id*.

17  Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of
18  a magistrate judge within fourteen (14) days from the date of service of the findings and
19  recommendations.  Similarly, Local Rule 7-2 provides that a party must file an opposition to a
20  motion within fourteen (14) days after service of the motion.

21  **III.  Discussion**

22  As an initial matter, the court acknowledges that plaintiff's complaint and objection were
23  filed *pro se* and are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94
24  (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however
25  inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by
26  lawyers.") (internal quotation marks and citation omitted).  However, "*pro se* litigants in an
27  ordinary civil case should not be treated more favorably than parties with attorneys of record."
28  *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

**James C. Mahan**
**U.S. District Judge**

In his R&R, Magistrate Judge Hoffman found plaintiff's claims to be barred by *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), to the extent that plaintiff's claims arose from his arrest and conviction. (ECF No. 2 at 2). Moreover, the R&R provided that "plaintiff fail[ed] to assert facts or to provide evidence showing that his conviction or sentence ha[d] been reversed, expunged, declared invalid, or called into question for § 1983 to be an appropriate means for bringing th[e] action." (ECF No. 2 at 2). Further, Magistrate Judge Hoffman found that plaintiff's attacks regarding the validity of the warrant issued for his arrest were likewise barred by *Heck*.

In his objection, plaintiff argues that *Heck* is inapplicable because Magistrate Judge Hoffman incorrectly "perceive[d] this action as one that seeks damages for adverse consequences stemming from a 'criminal conviction.'" (ECF No. 4 at 1). Plaintiff contends that by contrast, his complaint actually alleged that he was arrested using a "false process." (ECF No. 4 at 2). Plaintiff's objection also requests that the court review his complaint and grant him leave to amend the complaint in accordance with that review. (ECF No. 4 at 3–4).

The court agrees with Magistrate Judge Hoffman's analysis under *Heck*, as well as his interpretation of the allegations set forth in plaintiff's complaint. Moreover, the court notes that Magistrate Judge Hoffman provided plaintiff with an opportunity to amend his complaint and set forth instructions regarding the filing of that amended complaint. Rather than complying, plaintiff filed the exact complaint and sought a second review from the court. Therefore, after reviewing Magistrate Judge Hoffman's R&R and plaintiff's objection *de novo*, the court adopts the R&R in full.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Hoffman's report and recommendation (ECF No. 2) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1-1), be, and the same hereby is, DISMISSED WITHOUT PREJUDICE, with leave to amend.

**James C. Mahan**
**U.S. District Judge**

1   IT IS FURTHER ORDERED that plaintiff shall have thirty (30) days to file an amended
2 complaint to the extent plaintiff can assert facts that address the defects of the complaint.  Failure
3 to file a timely amended complaint will result in this case being dismissed.
4   IT IS FURTHER ORDERED that if plaintiff chooses to file an amended complaint, the
5 amended complaint shall be complete in and of itself without reference to the previous complaint,
6 as required by Local Rule 15-1.  Plaintiff shall also title the amended complaint with the words,
7 "FIRST AMENDED COMPLAINT," on page one in the caption.
8   DATED August 24, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -