UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL FOLEY, | Case No. 2:15-CV-2047 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| FERNANDO PACCHIEGA, et al., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Hoffman's report and recommendation. (ECF No. 9). *Pro se* plaintiff Michael Foley filed an objection. (ECF No. 10). The defendants have not filed a response and the time to do so has passed.[1]

Also before the court is Foley's motion to file electronically. (ECF No. 11). The defendants have not filed a response and the time to do so has passed.

**I.     Facts**

Foley initiated this matter by filing an application for leave to proceed *in forma pauperis*, attaching his civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Foley's complaint alleges that the information used to obtain the warrant for his arrest—and ultimately leading to his conviction and sentence—was false and failed to establish probable cause. (ECF No. 1-2).

On April 18, 2016, Magistrate Judge Hoffman granted Foley's request to proceed *in forma pauperis* and screened Foley's complaint pursuant to 28 U.S.C. § 1915(e). (ECF No. 2). Based on his findings, Magistrate Judge Hoffman made three recommendations: (1) that Foley's

---

[1] Plaintiff, proceeding *in forma pauperis*, has not filed a complaint suitable for screening pursuant to 28 U.S.C. § 1915(a)(1). The defendants have therefore not been served and do not have notice of this lawsuit.

complaint be dismissed without prejudice, with leave to amend; (2) that Foley have thirty (30) days to file an amended complaint to the extent Foley can assert facts that address the defects of the complaint; and (3) that the amended complaint be titled "FIRST AMENDED COMPLAINT" and be complete in and of itself without reference to the previous complaint, as required by Local Rule 15-1. (ECF No. 2).

On August 24, 2016, the court adopted Magistrate Judge Hoffman's recommendation and dismissed without prejudice Foley's complaint. (ECF No. 5). On September 27, 2016, Foley filed an amended complaint, which was a photocopy of the original complaint. (ECF No. 6). On February 28, 2018, the court dismissed the amended complaint as it did not address the defects in the original complaint. (ECF No. 7).

On April 2, 2018, Foley filed a second amended complaint, which is another photocopy of the original complaint. (ECF No. 8). On April 5, 2018, Magistrate Judge Hoffman filed a report and recommendation that the court should dismiss with prejudice the second amended complaint because it does not address the defects in the original complaint. (ECF No. 9).

**II.     Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

### III. Discussion

As an initial matter, the court acknowledges that Foley's complaint and objection were filed *pro se* and are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

On August 24, 2016, the court dismissed the original complaint because *Heck v. Humphrey*, 512 U.S. 477 (1994) barred Foley's claims. (ECF No. 5). Specifically, the court held that Foley was improperly using a § 1983 action to collaterally attack his criminal conviction because Foley did not allege that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*; *see Heck*, 512 U.S. at 484; *see Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011); *see also Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

Foley's second amended complaint is a photocopy of the original complaint. (ECF Nos. 1-1, 8, 9). Thus, *Heck* bars Foley's claims in the second amended complaint on the same grounds that it barred Foley's claims in the original complaint. Accordingly, after conducting a *de novo* review, the court adopts Magistrate Judge Hoffman's report and recommendation.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Hoffman's report and recommendation (ECF No. 9) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that Foley's second amended complaint (ECF No. 8) be, and the same hereby is, DISMISSED with prejudice.

1    IT IS FURTHER ORDERED that Foley's motion to file electronically (ECF No. 11) be,
2 and the same hereby is, DENIED as moot.
3    The clerk shall enter judgment accordingly and close the case.
4    DATED January 18, 2019.

_____
UNITED STATES DISTRICT JUDGE