UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL FOLEY,

    Plaintiff,

  v.

FERNANDO PACCHIEGA, et al.,

    Defendants.

Case No. 2:15-cv-02047-JCM-DJA

**ORDER**

    This matter is before the Court on remand from the Ninth Circuit. Plaintiff's request to proceed *in forma pauperis* was granted and his Second Amended Complaint was found to not be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) as he alleged he had not been arrested or convicted for a criminal offense given that the arrest in question was for civil contempt. Accordingly, as Plaintiff has been granted *in forma pauperis* status, his Second Amended Complaint (ECF No. 8) is ripe for screening.

    Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to 28 U.S.C. § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim

showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against two police officers in their individual and official capacities, former Sheriff Gillespie, the Las Vegas Metropolitan Police Department, two attorneys, a card dealer, a video cameraman, and Clark County. (ECF No. 8). He seeks damages along with injunctive relief for alleged false arrest and false imprisonment. Further, Plaintiff appears to attempt to state a claim for violation of his due process rights under the Fourteenth Amendment because when he arrived at the residence of Patricia Foley, his ex-wife, he was denied entry by her and Juan Carlos Valdes, which resulted in a report being filed with the LVMPD. He further alleges that he was later detained and arrested for civil contempt, which violated the Fourth Amendment.

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power

1 | possessed by virtue of state law and made possible only because the wrongdoer is clothed with
2 | the authority of state law." *Id.*

3 |     Plaintiff does not allege that Foley or Valdes were acting under the color of law and the Court cannot infer based on the allegations provided in the Second Amendment Complaint that he can state a viable Section 1983 claim against them. Similarly, for the attorneys named as Defendants, Plaintiff does not articulate how they acted under color of state law or if they were employed as attorneys for the government, which may involve an issue of immunity. He will be given leave to amend to clarify what claim or claims he is attempting to state against those Defendants.

    Plaintiff has also failed to show that the LVMPD is subject to 1983 liability. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality could be held liable under Section 1983 if an official policy or custom directly caused the violation of an individual's constitutional rights. A plaintiff must establish "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389–91 (1989)). A plaintiff cannot prove the existence of a municipal policy or custom based only on the occurrence of a single constitutional violation by a law enforcement officer. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). However, a policy "may be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Nadell v. LVMPD*, 268 F.3d 924, 929 (9th Cir. 2001) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992)). Here, Plaintiff plead no facts to establish that the LVMPD knew that the inadequacy of its training and supervision was likely to result in constitutional violations and took no corrective action. Similarly, Plaintiff has failed to plead sufficient facts to establish the existence of a LVMPD policy that would overcome the immunity issue.

1 As for Clark County, the individual officers, and Sheriff named as Defendants, Plaintiff has not alleged a viable claim.  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  However, Section 1983 does allow suits against state officers in their individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).  Liability can attach to an officer in his individual capacity if the plaintiff is able to establish: (1) that the official caused the deprivation of the plaintiff's rights while acting personally under color of state law, and (2) that the official is not entitled to the protection of qualified immunity.  *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).  Plaintiff appears to be alleging false arrest, but has not alleged sufficient factual allegations for the Court to determine if he can state a viable claim based on individual liability.  He will be given leave to amend and should include specific factual allegations setting forth each claim, against each defendant, in order for the Court to determine if his claims are able to survive screening.

IT IS THEREFORE ORDERED that Plaintiff shall proceed *in forma pauperis*.  Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Second Amended Complaint (ECF No. 8) is dismissed without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have until **July 17, 2020** to file a third amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.   Once a plaintiff files an amended

complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: June 17, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE