**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MICHAEL FOLEY, | Case No. 2:15-cv-02047-JCM-DJA |
| Plaintiff, | |
| v. | **ORDER AND** <br> **REPORT AND RECOMMENDATION** |
| FERNANDO PACCHIEGA, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Second Amended Complaint (ECF No. 28), submitted on July17, 2020, but not docketed until July 20, 2020.  Plaintiff erroneously titled this filing as a Second Amended Complaint rather than Third Amended Complaint.  The Court will direct the Clerk of the Court to correct the filing name to Third Amended Complaint.

Further, the Court hereby withdraws its Report and Recommendation (ECF No. 29) filed on July 21, 2020 as it recommended dismissal of this case and it will proceed to screen Plaintiff's Third Amended Complaint now.

Plaintiff's request to proceed *in forma pauperis* was granted and his Second Amended Complaint was found to not be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) as he alleged he had not been arrested or convicted for a criminal offense given that the arrest in question was for civil contempt.  Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to 28 U.S.C. § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff's Third Amended Complaint is not substantially different from his Second Amended Complaint. Again, he attempts to bring claims under 42 U.S.C. § 1983 against two police officers in their individual and official capacities, former Sheriff Gillespie, the Las Vegas Metropolitan Police Department, Clark County Detention Center/Clark County, two attorneys, and a card dealer. (ECF No. 28). He seeks damages along with injunctive relief for alleged false arrest and false imprisonment. Further, Plaintiff appears to attempt to state a claim for violation of his due process rights under the Fourteenth Amendment because when he arrived at the residence of Patricia Foley, his ex-wife, he was denied entry by her and Juan Carlos Valdes, which resulted in a report being filed with the LVMPD. He further alleges that he was later detained and arrested for civil contempt, which violated the Fourth Amendment.

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To

the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*

Plaintiff does not allege that Foley was acting under the color of law and the Court cannot infer based on the allegations provided in the Third Amendment Complaint that he can state a viable Section 1983 claim against her.  It will recommend that Foley be dismissed.  Similarly, for the attorneys named as Defendants, Plaintiff does not articulate how they acted under color of state law or that they were employed as attorneys for the government, which may involve an issue of immunity.  The Court will recommend dismissal of Davis and Ewert.

It is unclear if LVMPD is subject to 1983 liability based on Plaintiff's allegations.  In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality could be held liable under Section 1983 if an official policy or custom directly caused the violation of an individual's constitutional rights.  A plaintiff must establish "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389–91 (1989)).  A plaintiff cannot prove the existence of a municipal policy or custom based only on the occurrence of a single constitutional violation by a law enforcement officer.  *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989).  However, a policy "may be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Nadell v. LVMPD*, 268 F.3d 924, 929 (9th Cir. 2001) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992)).  Here, Plaintiff has not clearly established that LVMPD knew that the inadequacy of its training and supervision was likely to result in constitutional violations and took no corrective action.

Nevertheless, the Court will permit his claim to proceed against the LVMPD past this screening process.

As for Clark County/CCDC, the individual officers, and former Sheriff named as Defendants, states and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). However, Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Liability can attach to an officer in his individual capacity if the plaintiff is able to establish: (1) that the official caused the deprivation of the plaintiff's rights while acting personally under color of state law, and (2) that the official is not entitled to the protection of qualified immunity. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Plaintiff appears to be alleging false arrest, but it is difficult to determine if his claim is plausible based on the paucity of allegations. At this point, the Court will permit his false arrest claim to proceed against CCDC, the individual officers, and former Sheriff only in their individual capacities and recommend dismissal of their official capacities along with dismissal of Clark County.

## ORDER

**IT IS HEREBY ORDERED** that the Clerk of the Court shall correct the filing titled Second Amended Complaint (ECF No. 28) to read Third Amended Complaint.

**IT IS FURTHER ORDERED** that the Court's Report and Recommendation (ECF No. 29) is hereby withdrawn and the Clerk of the Court shall strike that entry.

**IT IS FURTHER ORDERED** that Plaintiff's claim for false arrest is permitted to proceed against Pacchiega, Mikalonis, and Gillespie in their individual capacities, along with against LVMPD, and CCDC.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue Summons to Defendants and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the third amended complaint (ECF No. 28) to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty days in which to furnish the U.S. Marshal with the required Form USM-285.[1] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claim against Foley, Davis, Ewert, Clark County, and the officers in their official capacity – Pacchiega, Mikalonis, and Gillespie – be dismissed.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file

---

[1] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: July 22, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE