UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL FOLEY, | Case No. 2:15-CV-2047 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| FERNANDO PACCHIEGA, et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Michael Foley's ("Foley") motion for reconsideration. (ECF No. 54). Former Clark County sheriff Douglas Gillespie, Las Vegas Metropolitan Police Department ("LVMPD"), officer Chaz Mikalonis, and officer Fernando Pacchiega's (collectively "defendants") responded in opposition (ECF No. 56), to which Foley replied (ECF No. 57).

Also before the court is Foley's motion to dismiss this action as to defendants Patricia Foley and Juan Carlos Valdes, which the court interprets as a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 55). Defendants did not file a response, and the time to do so has passed.

The gravamen of Foley's dispute was that LVMPD officers arrested him based on an allegedly invalid warrant, thus violating his civil rights.

The court previously granted defendants' motion for judgment on the pleadings because Foley's claims failed as a matter of law even when taking Foley's allegations as true. (ECF No. 52).

James C. Mahan
U.S. District Judge

Foley now files this motion for reconsideration contending that the court "misunderstood the facts," misapplied the law, and "unjustly ended this litigation." (ECF No. 54 at 1).[1]

Motion for Reconsideration

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

The Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b).

Foley continues to maintain that LVMPD officers arrested him on an invalid warrant but does not offer any newly discovered evidence or intervening change in controlling law to justify reconsideration. Foley instead submits that this court misunderstood the facts of the case and thus committed clear error in applying the law.

The court can review whether a clear error of law was made. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). "Clear error exists only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Milenbach v. Comm'r of Internal Rev.*, 318 F.3d 924, 935 (9th Cir. 2003) (quoting *Gonzalez–Caballero v. Mena*, 251 F.3d 789, 792 (9th Cir. 2001)) (internal quotations omitted).

---

[1] The court is mindful that Foley is proceeding *pro se* and accordingly construes his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that pro se filings should be "liberally construed"). Still, pro se litigants must "comply with relevant rules of procedural and substantive law." *Faretta v. Cal.*, 422 U.S. 806, 834 (1975).

Foley adamantly asserts that the state judgment ordering the bench warrant was only signed by only a hearing master and was left unsigned by the state district court judge, rendering it ineffectual. No one disputes that the order/judgment did not contain an actual signature by the district court judge, but, as the court described in its previous order, Foley critically overlooks the conspicuous provision of the order/judgment indicating that if an objection was not filed within ten days of the state hearing master's recommendation, the order automatically converted to an enforceable order/judgment *as if the district court judge affixed his/her signature thereto*. (ECF No. 52 at 3). This provision further emphasized that when this conversion occurred, "**[t]he parties are ordered to comply with this Order/Judgment.**" (ECF No. 47-1 at 5:1–2) (emphasis in original).

Foley does not dispute that he did not file a timely objection, but instead avers that the ten-day period had not expired by the time the warrant was executed. (ECF No. 57 at 2–3, n.1). Foley appears to mistake the date of the hearing master's recommendation with the date the document was *electronically filed*. (*Compare* ECF No. 47-1 at 4:20 *with* ECF No. 47-1 at 2:1). Rather, the hearing master's recommendation was entered on August 28, 2012, and the bench warrant was signed on September 28, 2012, easily clearing the ten-day window. (ECF Nos. 47-1 at 4:20; 47-2 at 2). Thus, the court holds that it did not commit clear error in determining the warrant was facially valid.

Furthermore, because the warrant was facially valid, the defendant officers who effectuated the arrest enjoy absolute quasi-judicial immunity from civil lawsuits because they merely carried out valid court orders. *Coverdell v. Dep't of Soc. And Health Servs.*, 834 F.2d 758, 764–65 (9th Cir. 1987) (persons who "faithfully execute valid court orders are absolutely immune from liability for damages in civil rights actions challenging conduct authorized by the order."); *see also Patterson v. Van Arsdel*, 883 F.3d 826, 830 (9th Cir. 2018) ("[i]mmunity flows from the nature of the function performed, not the identity of the actor who performed it"); *and Foley v. Graham*, 2020 WL 4736457 (D. Nev. Aug. 14, 2020) ("An officer will therefore be cloaked in quasi-judicial immunity so long as he is carrying

**James C. Mahan**
**U.S. District Judge**

out the explicit orders of the court." (citing *Brooks v. Clark County*, 828 F.3d 910, 919 n.6 (9th Cir. 2016)).

Thus, even if the defendant officers committed *ultra vires* authority under the valid warrant—by "unnecessarily" restraining his liberty for civil contempt (ECF No. 54 at 8)—that argument is foreclosed by the defendant officers' absolute quasi-judicial immunity.[2]

In sum, the court is not left with a firm and definite conviction that a mistake has been committed, and thus DENIES Foley's motion for reconsideration.

Motion to Dismiss/Voluntary Dismissal

Foley also filed a motion stylized as a "Motion to Dismiss Pursuant to 28 U.S.C. 1367," essentially petitioning the court to "dismiss this action as to defendants Patricia Foley and Juan Carlos Valdes." (ECF No. 55 at 1). Foley erroneously relies on 28 U.S.C. § 1367 supplemental jurisdiction for this motion; the court instead liberally construes Foley's motion to be a voluntarily dismissal of defendants Patricia Foley and Juan Carlos Valdes pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Ordinarily, a Rule 41(a) voluntary dismissal does not require a court order, but given Foley's *pro se* status, and the interests of judicial efficiency, the court *sua sponte* DISMISSES defendants Patricia Foley[3] and Juan Carlos Valdes from this action pursuant to Rule 41(a)(2), without prejudice.

. . .

. . .

---

[2] Foley also claims that his "unnecessary arrest" violated NRS 22.140, which states, in part: "…the officer shall not confine a person arrested upon the warrant in a prison, or otherwise restrain him or her of personal liberty, except so far as may be necessary to secure his or her personal attendance" before the court. Even assuming, *arguendo*, that immunity does not apply to the defendant officers, the officers appear to be justified in arresting Foley based on the fact that the outstanding warrant was issued *for nonappearance* at a court hearing and was thus necessary to secure his personal attendance. (*See* ECF No. 47-1). But this finding is unnecessary for the current holding based on the court's finding that a valid warrant existed, and immunity subsequently attached to the defendant officer's actions.

[3] The court notes that the docket for this case shows Patricia Foley terminated as a party as of September 25, 2020, but the court cannot find an official order or Rule 41(a) dismissal for Ms. Foley on the record. Out of an abundance of clarity, the court still elects to dismiss Ms. Foley as a party in this order.

James C. Mahan
U.S. District Judge

- 4 -

**James C. Mahan**
**U.S. District Judge**

1.  Accordingly,

2.  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Foley's motion for reconsideration (ECF No. 54) be, and the same hereby is, DENIED.

3.  IT IS FURTHER ORDERED that Foley's motion to dismiss (ECF No. 55) be, and the same hereby is, DENIED.

4.  IT IS FURTHER ORDERED that defendants Patricia Foley and Juan Carlos Valdes are DISMISSED from this action pursuant to Rule 41(a)(2), without prejudice.

The clerk of the court is instructed to keep this case closed.

DATED March 29, 2022.

_____
UNITED STATES DISTRICT JUDGE